Philip Barraud had under his hand and seal, bearing date 18th April, 1796, declared for assurance of a house situated in W'illiamsburg. He afterwards conveyed the property to the defendant by a deed which was regularly recorded in April, 1801. Barraud did not assign to her the policy of assurance. A half quota, amounting to thirteen dollars and seventeen cents, became due on this property the first day of June, 1805, under the declaration of Barraud. The society moved against the defendant for judgment for the said half quota, and the Circuit Court of James’ City adjourned the case.
The general court, November 16, 1810, consisting of Judges White, Coalter, Hugh Nelson and Brockenbrough, certified their opinion to be, “that the defendant appearing by the evidence to be a purchaser from P. Barraud of property actually assured, a recovery by motion may be had against her for the half quota due, under the declaration of the said Barraud, although it does not appear that the said Philip Barraud had assigned his policy to her, if the evidence be sufficient in other respects to support such motion.” 171 *Note: The question in this case arose under the eighth section of the act of 1794, which directs that the subscriber of any insured property, shall apprise purchasers and mortgagees of the insurance, and indorse the policy to them. The section further declares, that in every case of such change the purchaser or mortgagee shall be considered as a subscriber, in the room of the original, and the property shall still remain liable for payment of the quotas in the same manner, as if the right had remained in the original owner. The sixth section had provided that the subscribers should engage for themselves, their heirs, and assigns, that the property insured should be pledged for the payment of quotas. It was contended that as the policy was not indorsed to the defendant, according to the directions of the act, she was not to be considered as a subscriber ; but the court thought that the first part of the eighth section was a mere direction to the original subscriber, and that an omission on his part did not affect the right of the society, to consider the transferee of the property as a subscriber, and the property insured as pledged for payment of the quotas.